UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOON M. CHOUNG AND YUN W. CHOUNG<br><br>Debtor. | Chapter 7<br><br>Case No: 25-42947-jmm |
| LUIS ALBERTO MARTINEZ ARELLANO<br><br>Plaintiff,<br><br>-against-<br><br>MOON M. CHOUNG AND YUN W. CHOUNG<br><br>Defendants | Adv. Pro. No: 25-01114-jmm |

**ANSWER TO COMPLAINT OBJECTING
<u>TO THE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)</u>**

Defendants Yun W. Choung and Moon Choung (collectively, the "Defendants" or "Debtors"), by and through their undersigned counsel, the Law Office of Julio E. Portilla, P.C.,, respectfully submit this Answer to the Complaint Objecting to the Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6) (the "Complaint") filed by Plaintiff Luis Alberto Martinez Arellano ("Plaintiff"). Defendants respond to the numbered paragraphs of the Complaint as follows:

1. Defendants admit that Plaintiff was formerly employed at a dry cleaning business owned by West 57 Cleaners Corp., but deny the remaining allegations in Paragraph 1 for lack of

sufficient knowledge or information to form a belief as to their truth and, to the extent necessary, deny that Plaintiff was directly employed by Defendants in their individual capacities.

2. Defendants admit that Plaintiff filed a lawsuit in the United States District Court for the Southern District of New York, captioned *Arellano v. Parc West Valet Cleaners, Inc. et al.*, Case No. 1:23-cv-10862 (JAV) (the "Federal Action"), seeking damages under the specified statutes. Defendants deny the merits of the claims asserted in the Federal Action and deny any liability thereunder.

3. Defendants deny the allegations in Paragraph 3, including all subparagraphs, and specifically deny that they committed any acts or omissions violating the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), or the New York Commissioner's Wage Orders codified at 12 N.Y.C.R.R. § 142 et seq. (the "Wage Orders").

4. Defendants deny the allegations in Paragraph 4, including all subparagraphs, and specifically deny that they committed any discriminatory or retaliatory acts or omissions in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("State Law"), or the Administrative Code of the City of New York § 8-101 et seq. ("City Law").

5. The allegations in Paragraph 5 set forth legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. The allegations in Paragraph 6 set forth legal conclusions regarding the nature of this proceeding to which no response is required. To the extent a response is required, Defendants admit that this is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001 but deny that it constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(1) to the extent it requires resolution of prepetition claims under non-bankruptcy law.

7. The allegations in Paragraph 7 set forth legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. Defendants admit that this adversary proceeding relates to Bankruptcy Case No. 1-25-42947-jmm, which was filed under Chapter 7 of the Bankruptcy Code on or about June 20, 2025. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9 for lack of sufficient knowledge or information to form a belief as to the truth of Plaintiff's alleged medical conditions or residency.

10. The allegations in Paragraph 10 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

11. The allegations in Paragraph 11 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. The allegations in Paragraph 12 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. Defendants admit that they owned West 57 Cleaners Corp., which operated a dry cleaning and laundry business in New York, New York. Defendants deny the remaining allegations in Paragraph 13.

14. The allegations in Paragraph 14 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they were Plaintiff's employers within the meaning of NYLL §§ 2 and 651 in their individual capacities

15. The allegations in Paragraph 15 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants admit that West 57 Cleaners Corp.

conducted business in New York and employed more than four individuals but deny the remaining allegations.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants admit that they are a married couple.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that Plaintiff was employed from approximately mid-April 2019 until April 2023 but deny the remaining allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

**FIRST CAUSE OF ACTION**
**(NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY BY DEBTORS TO PLAINTIFF)**

63. Defendants repeat and reiterate their responses to paragraphs "1" through "62" above of this Answer as if fully stated herein.

64. The allegations in Paragraph 64 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. The allegations in Paragraph 72 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**AS TO "PRAYER FOR RELIEF"**

73. Defendants deny that plaintiff is entitled to any of the relief set forth from pages 13 to 14 of the Complaint or any relief whatsoever.

## AFFIRMATIVE DEFENSES

74. Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

75. **First Affirmative Defense**: The Complaint fails to state a claim upon which relief can be granted, as the alleged debts do not arise from willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).

76. **Second Affirmative Defense**: Any alleged acts or omissions by Defendants were not willful or malicious, as required for nondischargeability under 11 U.S.C. § 523(a)(6).

77. **Third Affirmative Defense**: Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

78. **Fourth Affirmative Defense**: Plaintiff was barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

79. **Fifth Affirmative Defense**; Any damages alleged by Plaintiff were caused, in whole or in part, by Plaintiff's own actions or omissions, including failure to mitigate.

80. **Sixth Affirmative Defense:** Defendants acted in good faith and in compliance with applicable laws at all relevant times.

81. **Seventh Affirmative Defense**: The Complaint is barred because the underlying claims in the Federal Action lack merit, and no judgment has been entered establishing any debt owed to Plaintiff.

82. **Eighth Affirmative Defense:** The complaint is barred, in whole or in part, because Plaintiff was paid all sums which may have been due to them under the applicable laws and their corresponding regulations.

83. **Ninth Affirmative Defense:** Defendants have met and satisfied any and all obligations to Plaintiff that arose out of and during his respective employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

84. **Tenth Affirmative Defense:** Defendants' actions regarding payroll practices and compliance with the Fair Labor Standards Act and New York Labor Law were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the Fair Labor Standards Act and New York Labor Law.

85. **Eleventh Affirmative Defense:** Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

86. **Twelfth Affirmative Defense**: To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor and Workforce Development, Defendants cannot be liable for relief or recovery.

87. **Thirteenth Affirmative Defense:** Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

88. **Fourteenth Affirmative Defense:** The individually named Defendants were not Plaintiff's employer, and as such, cannot be held liable under federal and/or state law.

89. **Fifteenth Affirmative Defense:** Plaintiff's claim for damages for failure to provide him with wage notice pursuant to Section 195(1) of NYLL is barred because (i) Defendants made complete and timely payment of all wages due to Plaintiff or (ii) Defendants reasonably believed in good faith that it was not required to provide Plaintiff with notice pursuant to Section 195 of NYLL.

90. **Sixteenth Affirmative Defense:** Plaintiff' claim for damages for failure to provide him with wage statements pursuant to Section 195(3) of NYLL is barred because (i) Defendants made complete and timely payment of all wages due to Plaintiff or (ii) Defendants reasonably believed in good faith that it was not required to provide the employee with statements pursuant to Section 195 of NYLL.

91. **Reservation of Rights**: Defendants reserve the right to assert additional affirmative defenses as may become apparent through discovery or further proceedings.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request that this Court:

(a) Enter judgment in favor of Defendants and against Plaintiff;

(b) Dismiss the Complaint with prejudice;

(c) Declare that any alleged debts owed to Plaintiff are dischargeable in bankruptcy;

(d) Award Defendants their costs and attorneys' fees incurred in defending this action; and

(e) Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 3, 2026

        Respectfully submitted,

        **LAW OFFICE OF JULIO E. PORTILLA, P.C.**
        By:    */s/ Julio E. Portilla*
        Julio E. Portilla
        Law Office of Julio E. Portilla, P.C.
        380 Lexington Avenue, Suite 446
        New York, NY 10168
        Tel: (212) 365-0292
        Fax: (212) 365-4417

        *Attorneys for MOON M. CHOUNG AND*
        *YUN W. CHOUNG*